**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| PATRICIO ATARIGUANA, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>MIDLAND CREDIT MANAGEMENT INC., A/K/A MIDLAND FUNDING, LLC,<br><br>Defendant. | Civil Action Number:<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT**<br>**AND**<br>**DEMAND FOR JURY TRIAL** |

Plaintiff PATRICIO ATARIGUANA (hereinafter, "Plaintiff"), a New York resident, brings this class action complaint by and through his attorneys, The Law Office of Alan J. Sasson, P.C., against Defendant MIDLAND CREDIT MANAGEMENT INC., A/K/A MIDLAND FUNDING, LLC (hereinafter, "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

1. Congress enacted the FDCPA in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws . . . [we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt

1

collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate, *id.* § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201.  If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of New York consumers seeking redress for Defendant's illegal practices, in connection with the collection of a debt allegedly owed by Plaintiff in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA").

6. Defendant's actions violated § 1692 *et seq*. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

7. Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

8. Plaintiff is a natural person and a resident of the State of New York, and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

9. Defendant is a collection agency with its principal office located at 8875 Aero Drive, Suite 200, San Diego, California 92123.

2

10. Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

11. Defendant is a "debt collector," as defined by the FDCPA under 15 U.S.C. § 1692a(6).

## CLASS ALLEGATIONS

12. Plaintiff brings claims, pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP") Rule 23, individually and on behalf of the following nationwide consumer class (the "Class"):

    - All New York consumers who were sent a collection letter and/or notice from Defendant indicating that "We will report forgiveness of debt as required by IRS regulations" in violation of 15 U.S.C. §1692 *et seq*.

    - The Class period begins one year to the filing of this Action.

13. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

    - Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that was sent to hundreds of persons (*See* **Exhibit A,** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);

    - There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

        a.   Whether Defendant violated various provisions of the FDCPA;

        b.   Whether Plaintiff and the Class have been injured by Defendant's

        conduct;

    c.    Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    d.    Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendant's

> conduct is allowed proceed to without remedy they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

**ALLEGATIONS PARTICULAR TO PATRICIO ATARIGUANA**

14. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "13" herein with the same force and effect as if the same were set forth at length herein.

15. Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and Internet.

16. Upon information and belief, within the last year Defendant commenced efforts to collect an alleged consumer "debt" as defined by 15 U.S.C. 1692a(5), when it mailed a Collection Letter to Plaintiff seeking to collect a debt allegedly owing to Department Stores National Bank ("DSNB").

17. On March 16, 2016, Defendant sent Plaintiff a collection letter. *See* **Exhibit A.**

18. The letter was sent or caused to be sent by persons employed by Defendant as a "debt collector" as defined by 15 U.S.C. §1692a(6).

19. 15 U.S.C. § 1692e(5) prohibits debt collectors from making a "threat to take any action that cannot legally be taken or that is not intended to be taken."

20. Defendant's Letter states in pertinent part: "We will report forgiveness of debt as required by IRS regulations."

21. This is effectively a threat to take action that Defendant does not intend on taking, precisely

5

because said debt does not meet the minimum amount required by IRS regulations.

22. Congress adopted the provisions of section 1692e(5) with the stated intent to prohibit debt collectors from making a "threat to take any action that cannot legally be taken or that is not intended to be taken."

23. Defendant's violations of the FDCPA created the risk of real harm that the Plaintiff would perceive Defendant's statement as a threat to report potential forgiveness of debt to the Internal Revenue Service when in reality, the amount allegedly owed on the debt would preclude such action.

24. Defendant's actions as described herein are part of a pattern and practice used to collect debts.

25. The letter is a "communication" as defined by 15 U.S.C. §1692a(2).

26. As a result of the following Counts Defendant violated the FDCPA.

**First Count**
**Violation of 15 U.S.C. §§ 1692e, *et seq***
**Threatening to Take Unintended Action**

27. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "26" herein with the same force and effect as if the same were set forth at length herein.

28. 15 U.S.C. § 1692e(5) prohibits debt collectors from "threat[ening] to take any action that cannot legally be taken or that is not intended to be taken."

29. Defendant's statement that "We will report forgiveness of debt as required by IRS regulations" may, to the least sophisticated consumer, be perceived as a threat to take action that Defendant does not actually intend to take.

30. Defendant's communication fails to indicate what amount is interest and what amount is principal, where Plaintiff is left in the dark as to whether his alleged debt may actually be reported.

6

31. The least sophisticated consumer would likely be deceived by Defendant's communications to Plaintiff.

32. The least sophisticated consumer would likely be deceived in a material way by Defendant's communications to Plaintiff.

33. The least sophisticated consumer would likely be deceived into believing that there might be a tax consequence upon settling the alleged debt, when in reality said tax consequence may be wholly inapplicable to Plaintiff and to all putative class members.

34. Such a statement is entirely unfounded, misleading and deceitful in violation of 15 U.S.C. § 1692e(5), and is the very kind of abusive debt collection practice that the FDCPA was designed to eradicate.

35. Defendant could have taken the steps necessary to bring its actions within compliance of the FDCPA, but neglected to do so and failed to adequately review its actions to ensure conformance to the law.

## Second Count
## Violation of 15 U.S.C. § 1692e, *et seq*
## False or Misleading Representations as to the Rights of the Consumer

36. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "35" herein with the same force and effect as if the same were set forth at length herein.

37. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

38. While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

39. Collection letters are deceptive if they can be reasonably read to have two or more different meanings, one of which is inaccurate.

7

40. For purposes of 15 U.S.C. § 1692e, the failure to clearly provide the consumer with complete and accurate information notifying them of their rights and obligations is unfair and deceptive to the least sophisticated consumer.

41. Under 26 C.F.R. §1.6050P-1(d)(2) and (3), only the discharge of principal need be reported:

> (2) Interest. The discharge of an amount of indebtedness that is interest **is not required to be reported** under this section.
>
> (3) Non-principal amounts in lending transactions. In the case of a lending transaction, the discharge of an amount other than stated principal **is not required to be reported** under this section. For this purpose, a lending transaction is any transaction in which a lender loans money to, or makes advances on behalf of, a borrower (including revolving credits and lines of credit).

42. It is thus entirely conceivable to forgive amounts of a debt and yet not report the balances forgiven to the Internal Revenue Service.

43. In addition, it is highly improbable for one who is in debt to have income as a result of settling a debt, as that person is more likely to be insolvent; so such a discharge would not be considered as income.

44. A collection notice is deceptive when it reasonably can be read to have two or more different meanings, one of which is inaccurate.[1]

45. The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

46. The language in the letter that states "We will report forgiveness of debt as required by IRS regulations" could reasonably be understood by the least sophisticated consumer to mean that IRS regulations require that it report all forgiveness of debt.

---

[1] *Pipiles v. Credit Bureau of Lockport, Inc*., 886 F.2d 22, 25 (2d Cir. 1989). (Because the collection notice was reasonably susceptible to an inaccurate reading, it was deceptive within the meaning of the Act.); *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993). (Collection notices are deceptive if they are open to more than one reasonable interpretation, at least one of which is inaccurate.); *Russell v. Equifax A.R.S.*, 74 F.3d 30, 34 (2d Cir. N.Y. 1996). (A collection notice is deceptive when it can be reasonably read to have two or more different meanings, one of which is inaccurate. The fact that the notice's terminology was vague or uncertain will not prevent it from being held deceptive under § 1692e(10) of the Act.)

8

47. The words "We will report forgiveness of debt as required by IRS regulations" is reasonably read to mean that it will report all forgiveness of debt.

48. The least sophisticated consumer would understand this statement to mean that the creditor is required by IRS regulations to report all forgiveness of debt.

49. Although Defendant had no duty to disclose any potential tax ramifications,[2] when Defendant chooses to give tax disclosures, it must do so in a way that it will not mislead the least sophisticated consumer as to his or her tax consequences.

50. Current case law has made clear, that if debt collectors are providing tax advice with regards to the reporting of forgiveness of debt, they cannot provide vague, incomplete and misleading disclosures that leave out the essential element that the reporting of forgiveness of a debt happens **only if** the principal forgiven exceeds $600, and that reporting of forgiveness of a debt would not happen even if the amount is greater than $600, if the $600 or greater amount forgiven contained interest forgiveness, so long as the principal was less than $600.

51. The statement "We will report forgiveness of debt as required by IRS regulations" is ambiguous, yet the vagueness and uncertainty does not erase the fundamental mischief and deception that the statement intends to cause to the consumer. A consumer reading this statement will be led to believe that if a settlement erases any amount of the debt, then the creditor is required to report the forgiveness of debt to the IRS, per the IRS regulations (creating by fear of the IRS another incentive for the consumer to pay the debt without erasing any amount through settlement). However, this statement is inherently deceptive and misleading, by giving erroneous and incomplete tax information, because in actual fact and according to IRS regulations, the creditor "**will not**" be required to report to the IRS report

---

[2] See. *Altman v. J.C. Christensen & Assocs.*, 786 F.3d 191, 194, 2015 U.S. App. LEXIS 7980, *7 (2d Cir. N.Y. 2015). "[T]he FDCPA does not require a debt collector to make any affirmative disclosures of potential tax consequences when collecting a debt.")

forgiveness of debt less than $600, nor would the creditor be required to report an amount greater than $600 in forgiveness if the amount contained interest.

52. If the creditor legitimately wishes to give tax advice in a sincere manner, one that does not mislead the consumer, then that creditor should specify and make clear to the least sophisticated consumer that only certain amounts require reporting, and that this applies only to principle and not to interest forgiveness.

53. The creditor should also specify what amounts are principle and what part of it is interest, in the amounts owed. Any tax advice that does not specify the tax consequences as it applies to the consumer's circumstances is nothing more than a ploy to elicit a more substantial payment from the consumer than the consumer would have paid, had he or she understood the tax reporting consequences.

54. The use of the words "as required by IRS regulations" is an attempt by the debt collector to make the debtor think that the IRS regulations require the reporting of all forgiveness of debt. The least sophisticated consumer would reasonably read the letter to mean that the creditor will report all forgiveness of debt as is required by IRS regulations.[3]

55. In a recent decision, this court found in the case of *Kaff v. Nationwide Credit, Inc.*, 1:13- cv-05413, No. 32 (E.D.N.Y. Mar. 31, 2015) (Towns, J,) that a statement regarding the requirement to file a 1099: "was not strictly true under all circumstances because **it failed to apprise debtors** that possible exceptions could apply to the creditor's mandatory reporting requirement, such as the exceptions **for interest and other non-principal debts**." *Kaff v. Nationwide Credit, Inc.*, 1:13-cv-05413, No. 32 (E.D.N.Y. Mar. 31, 2015) (Towns, J,) (emphasis added); see also *Good v. Nationwide Credit, Inc.*, No. 14-4295, 2014 BL 302150 (E.D. Pa. Oct. 24,

---

[3] *Russell v. Equifax A.R.S.*, 74 F.3d 30, 35, 1996 U.S. App. LEXIS 1042, *13 (2d Cir. N.Y. 1996). (That a notice's terminology is vague or uncertain will not prevent it from being held deceptive under 1692e.)

2014). (finding that the statement "American Express is required to file a form 1099C with the Internal Revenue Service for any cancelled debt of $600 or more. Please consult your tax advisor concerning any tax questions" is not true and does not accurately reflect the relevant law the court also found that the statement's invocation of the IRS was deceptive and materially misleading in violation of the FDCPA).

56. Defendant tends to give erroneous and/or incomplete tax advice to consumers.

57. Such a statement in a collection letter suggests to the least sophisticated consumer that failure to pay will get the consumer into trouble with the IRS.[4]

58. The statement in said March 16, 2016 letter is false and misleading, in violation of 15 U.S.C. §§ 1692e, 1692e(2), and 1692e(10).

59. Defendant could have taken the steps necessary to bring its actions within compliance of the FDCPA, but neglected to do so and failed to adequately review its actions to ensure conformance to the law.

60. Plaintiff seeks to end these violations of the FDCPA. Plaintiff and putative class members are entitled to preliminary and permanent injunctive relief, including, declaratory relief, and damages.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendant as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Alan J. Sasson, Esq., as Class Counsel;

---

[4] *Kaff v. Nationwide Credit, Inc*., 1:13-cv-05413, No. 32 (E.D.N.Y. Mar. 31, 2015) (Towns, J,); *Wagner v. Client Services, Inc*., No. 08-5546, 2009 WL 839073, 2009 U.S. Dist. LEXIS 26604 (E.D.Pa., March 26, 2009); *Sledge v. Sands*, 182 F.R.D. 255 (N.D.Ill. 1998).

  (b)  Awarding Plaintiff and the Class statutory damages;

  (c)  Awarding Plaintiff and the Class actual damages;

  (d)  Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

  (e)  Awarding pre-judgment interest and post-judgment interest; and

  (f)  Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

               Respectfully submitted,

               By: /s/ Alan J. Sasson
               Alan J. Sasson, Esq. (AS 8452)
               Law Office of Alan J. Sasson, P.C.
               2687 Coney Island Avenue, 2nd Floor
               Brooklyn, New York 11235
               Phone: (718) 339-0856
               Facsimile: (347) 244-7178
               *Attorney for Plaintiff*

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

               */s/ Alan J. Sasson*
               Alan J. Sasson, Esq.

Dated: Brooklyn, New York
     March 20, 2017